Filed 9/29/22  P. v. Gomez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079761 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF004169) |
| CIPRIANO GOMEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Cipriano Gomez entered into a plea agreement, under which he pleaded no contest to receiving stolen property (Pen. Code,[1] § 496, subd. (a)) with a

---

[1]	All further statutory references are to the Penal Code.

*Harvey*[2] waiver. He was sentenced to a three-year term in county jail. The sentence was suspended, and Gomez was granted probation. The probation officer recommended that Gomez be ordered to pay restitution to the City of Brawley in the amount of $27,656.38. Gomez requested a restitution hearing. His request was granted.

At the restitution hearing, the court considered the probation report, police reports, documents supplied by the parties, and heard testimony from witnesses. At the conclusion of the hearing, the court ordered Gomez to pay restitution in the amount of $27,556.38.

Gomez appealed, challenging only the restitution order.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Gomez the opportunity to file his own brief on appeal, but he has not responded.

### DISCUSSION[3]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in issuing the restitution order in this case.

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

[3]     Given the limited scope of this appeal, we find it unnecessary to discuss the facts of the offenses in this case.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Gomez on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

DO, J.